Gerald Garnett appeals from an order of visiting Judge Stanley M. Fischer, sitting in the Cuyahoga County Domestic Relations Court, adopting a finding by Referee Joel Sacco in a voluntarily dismissed divorce action from 1993, that a common law marriage existed with Julia F. Garnett. For the following reasons, this appeal is dismissed.
On September 19, 1992, appellee, Julia F. Garnett, filed a complaint in divorce on grounds of gross neglect and extreme cruelty. Mr. Garnett responded with motions to dismiss, for sanctions, to strike, in limine, and to dismiss the amended complaint claiming no marriage existed. On February 2 and 3, 1993, before Referee Sacco, a hearing was held to determine the existence of a common-law marriage. Judge Anthony Russo subsequently adopted the Referee's finding that a common-law marriage did exist, overruled the other motions and scheduled the matter for trial on the merits. On July 6, 1995, upon a motion by Ms. Garnett, the complaint in divorce was dismissed without prejudice.
On March 4, 1998, Ms. Garnett filed a complaint for alimony only, alleging gross neglect and cruelty, praying for legal separation and alimony (No. 259352). Mr. Garnett, pursuant to Evid.R. 201, filed a motion for the court to judicially notice the prior testimony of the parties in the divorce action (No. 221164) before Referee Joel Sacco in the February 2 and 3, 1993 hearing and on August 17, 1998, Judge Fisher entered the following entry:
 JOURNAL ENTRY THE COMMON LAW MARRIAGE FOUND IN CASE 221164 IS NON (SIC) PRO TUNCLY (SIC), ADOPTED BY THIS COURT; AND THE ORDER OF THIS COURT THAT A COMMON LAW MARRIAGE EXIST (SIC) IN CASE 259352; AND, NO JUST REASON FOR DELAY . . . ALL RELEVANT ISSUES REMAINING IN THESE CASES ARE CONTAINED IN CASE 259352; DEFT HAS 30 DAYS FROM AUGUST 6, 1998 0 (SIC) FILE AN ANSWER IN CASE 259352.
On October 29, 1998, upon a motion to dismiss containing a suggestion of death of Gerald Garnett, the judge dismissed without prejudice Case No. 259352.
Mr. Garnett's sole assignment of error states:
 THE TRIAL COURT ERRED OVERRULING APPELLANT'S OBJECTION TO THE REFEREE'S REPORT AND FINDING A COMMON LAW MARRIAGE.
"Civ.R. 54(B) will be applied only where there are claims or actions against parties still presently pending in the trial court." Eiland v. Coldwell Banker Hunter Realty (1997), 122 Ohio App.3d 446,702 N.E.2d 116. See, also, Ohio Leitina Co. v. VandraBros. Const., Inc. (Sept. 3, 1998), Cuyahoga App. No. 72616, unreported. Further, if claims or actions are dismissed without prejudice at any time during the proceedings below, "they will be treated `as if no action had been brought at all'" as to those parties. Eiland.
In the present action, because the judge dismissed the underlying complaint, without prejudice, in addition to the earlier 1995 dismissal without prejudice, there is no longer any action between the parties presently pending in any trial court. Consequently, because the judge's ruling concerning the common law marriage has been dissolved, his use of Civ.R. 54(B) language can no longer provide a viable means through which to bring an appeal resulting in no final appealable order.
Appeal dismissed.
It is ordered that appellant shall bear the costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., CONCUR; ANN DYKE, P.J., CONCURSSEPARATELY.
 __________________________________ JUDGE ANNE L. KILBANE